OPINION
{¶ 1} Defendant, Katrinka Miller, appeals from her conviction and sentence for possessing crack cocaine.
{¶ 2} Defendant was indicted on one count of Possessing Crack Cocaine. R.C. 2925.11(A). Defendant pled guilty to that offense on September 6, 2002. The trial court sentenced Defendant on October 14, 2002 to seven months imprisonment.
{¶ 3} On February 18, 2003, we granted Defendant leave to file a delayed appeal. Thereafter, Defendant's appellate counsel filed an Anders brief, Anders v. California (1967), 386 U.S. 738, stating that he could not find any meritorious issues for appellate review. We notified Defendant of her appellate counsel's representations and afforded her ample time to file a pro se brief. None has been received. This matter is now ready for decision.
{¶ 4} In his Anders brief appellate counsel has identified two potential issues for appeal which we shall address.
Ineffective Assistance of Counsel
{¶ 5} In order to demonstrate ineffective assistance of trial counsel, Defendant must demonstrate that counsel's performance was deficient (fell below an objective standard of reasonable representation), and that Defendant was prejudiced by counsel's performance (there is a reasonable probability that but for counsel's unprofessional errors, the result of Defendant's trial or proceeding would have been different.) Strickland v. Washington (1984), 466 U.S. 668;State v. Bradley (1989), 42 Ohio St.3d 136.
{¶ 6} At the sentencing hearing Defendant complained about her trial counsel's performance, claiming that he failed to meet with her, that he advised her that she had no choice but to plead guilty, and that he promised she would receive probation in exchange for her guilty plea. The record fails to support these allegations.
{¶ 7} An examination of the plea proceeding demonstrates that Defendant repeatedly told the trial court that she was "completely satisfied" with defense counsel's services. Defendant acknowledged that counsel answered all of her questions and informed her of her constitutional rights and the significance of entering a plea of guilty. Defendant told the court that she was entering her guilty plea voluntarily and that nobody, including defense counsel, was forcing her to plead guilty. Defendant acknowledged that the only promise made to her was contained in the plea agreement, that in exchange for her guilty plea the State would not oppose community control sanctions. Furthermore, Defendant understood that the trial court was not bound by that plea agreement, and that she could receive up to one year in prison.
{¶ 8} The record before us contains no evidence of deficient performance by defense counsel, much less resulting prejudice to Defendant. Ineffective assistance of counsel has not been demonstrated.
Involuntary Plea
{¶ 9} Defendant alleged at her sentencing hearing that defense counsel had forced her to plead guilty by repeatedly telling her that she had no other choice because the drugs were found in her home and she had no witnesses. Defendant's own statements at the plea hearing affirmatively refute this involuntariness claim.
{¶ 10} Defendant told the trial court that no one, including her counsel, was forcing her to plead guilty. She also told the court that she was "completely satisfied" with defense counsel's representation. There is no evidence of coercion which even remotely suggests that Defendant's guilty plea was the product of anything other than her own free will. Furthermore, an examination of the plea proceeding reveals that the trial court fully complied with Crim.R. 11(C)(2) in accepting Defendant's plea, and that Defendant understood the charges, the effect of her plea, the rights she was waiving, and that she might be sentenced to up to one year imprisonment.
{¶ 11} In addition to the potential errors raised by appellate counsel, we have conducted an independent review of the trial court's proceedings and have found no error having arguable merit. Accordingly, Defendant's appeal is without merit and the judgment of the trial court will be affirmed.
Brogan, J. and Young, J., concur.